**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ALICE R. MAHANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:26-cv-00568-JSD |
| | ) |
| JOHANNA BRENNER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Alice R. Mahaney brings this civil action, complaining about state court prosecutions brought against her and seeking $500 million in damages. ECF No. 1. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, and given the procedural stance of the case described more fully below, the Court will grant the motion and waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). When a plaintiff proceeds *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915. Based on such review here, the Court will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). As a result, the pending motion for appointment of counsel will be denied as moot.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

According to her Application to Proceed in District Court Without Prepaying Fees or Costs, Plaintiff was confined at the St. Louis County Justice Center when she filed this action. ECF No. 2 at 1. Plaintiff states that she has no job, no income, and no money in her inmate account. *Id.* at 1-2. Taking this into consideration, and considering the procedural stance of the case, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* (or without prepayment of court fees and costs) if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint

in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

**The Complaint**

- 3 -

Plaintiff brings this civil action against defendants Johanna Brenner, State of Missouri, and the police departments of St. Louis County, St. Louis City, Sunset Hills, and Fenton.  ECF No. 2 at 1-2.  She states that the actual "employees" and "court officials involved" are "too many to list." *Id.* at 4.  For relief, she seeks $500 million, but she also states that she is "seeking millions if not billions and if possible before [she] die[s,] trillions."  *Id.* at 4-5.

Plaintiff's "Statement of Claim" in her own words is as follows:

> [I]f you look up just the cases against me you will have an idea of what happened. [T]here is not enough space in this sheet to explain everything.  However, given the right immediate relief you know that there is prema faci [sic] evidence to you know I can and will produce infinite amounts of documents to list each individual and every single action taken against me.
> We can start with the Stl. Co. prosecutor Johanna Brennerman[1][.] She was negligent in her prosecution[.] [I]t was absolutely her responsibility to understand the charges against me and the fact that it never actually applied to my situation and should have never picked up the case in the first place then she had a reckless disregard for the truth because I told her and her supervisor it did not apply[.]  I was accused of tampering with a judicial officer but it was [illegible] lie in the first place.  [I] truly believe it was purposeful manipulation & set up.  [I] spent a year of my life in jail for something I never did and never even applied – lost almost everything I ever had in my entire life.

*Id.* at 5.

In addition, Plaintiff attached to her Complaint a document which begins: "Attention all officers of the Court."  ECF No. 1-3.[2]  She then provides a list of legal citations and states that she is making "a plea to this court for immediate substantial relief."  *Id.* at 1.  She further explains:

> I am at war with my government.
> I have been a victim of their attacks on Me Myself and I … my physical living human woman body, my person and my cesti que vi estate trust.

---

[1] Presumably this is the same defendant named as "Johanna Brenner."  ECF No. 1 at 1.

[2] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

> From the very moment in time of my live birth.  They are trying to claim that I am
> not really here, and I must be lost at sea.
> They have held my Heritage hostage from me.
> I AM THE QWEEN … QUI TAM.
> My family name is HART!!!!!
> My estate is worth trillions times infinity.
> However, at this time, I am indigent, I am homeless, I do not even have one RED
> CENT to my name.

*Id.* at 2 (omissions in original).

Plaintiff goes on to allege that over the last ten years, government officials have "teamed together to commit heinous crimes and acts of treason against" her.  She asserts that she has been injured but she provides no facts to support this allegation.  In terms of legal violations, she claims that her "[c]onsumer rights," "human rights," "civil rights per the Bill of Rights," and "all versions of due process … have been violated."  *Id.*  She explains that since she has paid many attorneys for assistance and been unhappy with the results, she is now "a civil rights litigation Prosecuting paralegal working towards attorney."  *Id.* at 3.  Furthermore, she alleges that because "the local authorities have racked up somewhere between 20 to 30 different lawsuits … [i]f [she does not] get this started ASAP, they are just going to continue violating [her] on a whole new level that could lead to [her] being literally assassinated."  Finally, she states that she "want[s] to be someone that is absolutely Lady Liberty and Lady Justice for All living souls" and that her "dream" is "that every single character will be defined as to exactly who and what that is, and who you are today!!!!!"  *Id.*

### Plaintiff's State Court Criminal Background

Plaintiff does not provide a case number for the matter in which St. Louis County assistant prosecutor Brenner allegedly charged her with tampering with a judicial official.  Independent review of Plaintiff's criminal history on Missouri Case.net, the State of Missouri's online docketing system, does not reveal such a criminal conviction and none of the St. Louis County

cases involving Plaintiff appear to involve a prosecutor named Johanna Brenner.  But Plaintiff's criminal history does indicate many other criminal charges, mostly traffic violations, brought against her in St. Louis County.

As to defendant Sunset Hills, Plaintiff was issued a traffic citation for operating a vehicle without maintaining financial responsibility in December 2024.  *Sunset Hills v. Mahaney*, No. 210751729 (21st Jud. Cir. filed Dec. 10, 2024).  In February 2025, a warrant was issued for Plaintiff's failure to appear for a court hearing.  The action appears to still be open.

As to defendant Fenton, Plaintiff was charged with prostitution by the City of Fenton in February of 2024.  *City of Fenton v. Mahaney*, No. 24FENMU00017 (21st Jud. Cir. filed Feb. 16, 2024).  After Plaintiff failed to appear for multiple court hearings in the matter, the Court issued a warrant, and she was arrested in October 2025.  After being released on her own recognizance, Plaintiff again failed to appear for the April 2026 trial. Another warrant was issued on April 13, 2026, and Plaintiff was held on a $500 cash-only bond.  Presumably, Plaintiff was being held at the St. Louis County Justice Center on this bond when she filed this action on April 16, 2026.  ECF No. 1 at 6.

**Discussion**

The Court has carefully reviewed and liberally construed Plaintiff's Complaint and concludes that none of the allegations state a plausible claim for relief.  The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner.  *See* Fed. R. Civ. P. 8, 10.  Self-represented litigants are obligated to abide by these Rules.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Plaintiff fails to do so here.  Plaintiff's Complaint alleges no facts which would give rise to any action

- 6 -

against the named defendants.  Nowhere in the Complaint does Plaintiff set forth a short and plain statement of what entitles her to relief as required by Rule 8.

The only defendant specifically named in the allegations of the Complaint is St. Louis County assistant prosecutor Johanna Brenner.  To the extent that Plaintiff attempts to bring a claim of prosecutorial misconduct against Brenner, absolute immunity would bar such a claim.  Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged.  *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976) (prosecutors are absolutely immune from claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (abrogated on other grounds).

As for the other defendants, the Court is unable to ascertain Plaintiff's claims against these defendants. Plaintiff includes no facts which would plausibly notify defendants of the claims against them.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").  Although the Court is required to liberally construe Plaintiff's *pro se* Complaint, the Court will not supply facts or construct claims.  *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff).

Frankly, the Court finds many of Plaintiff's statements in the Complaint to be delusional, fanciful, and therefore, clearly baseless. *See Denton*, 504 U.S. at 32-33. Plaintiff states both that she has no money and that her estate is worth trillions, and she claims to be a paralegal. ECF No. 1-3 at 3. She alleges that she is "at war" with the government and that her heritage has been held hostage from her. Plaintiff's statements are nonsensical and frivolous. *See Neitzke*, 490 U.S. at 325.

For these reasons, the Court will dismiss this action as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to any defendant because the Complaint is frivolous and fails to state a claim upon which relief can be granted. Plaintiff's claims are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

- 9 -

Dated this 5th day of August, 2026.

_____

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE